CASTO LUIS CALDERÓN, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 1035.  Submitted November 29, 1938.—Decided December 21, 1938.

*D. Guerrero Noble* for appellant.  The registrar did not appear.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Casto Luis Calderón is the owner of a farm recorded in the Registry of Property of San Juan, Second Section, at folio 217 of Vol. 16, of Carolina, property No. 715. From its origin said property is subject to a notice of *lis pendens*

entered by judicial order since November 1, 1900, at folio 44 of Vol. 7 of Carolina, note A, without it appearing from the Registry that said note has been extended as the statute requires.

In a verified petition in which the aforesaid property No. 715 is described in detail and the above facts are set forth, Diego Guerrero Noble, as attorney for Casto Luis Calderón, requested the Registrar of Property of San Juan, Second Section, to cancel the said notice of *lis pendens.*

The Registrar denied the petition. The basis for the denial is expressed in the note which he placed at the foot of the verified petition and which reads as follows:

"The cancellation of the notice of complaint which is requested in this affidavit is denied, in view of the decision of the Supreme Court in the case of *'Fernández* v. *Registrar'*, 52 P.R.R. ——, and instead a cautionary notice for 120 days is entered in favor of the petitioner at folio 217 of Vol. 16 of Carolina, property No. 715, by a note at the margin of the first inscription."

It is precisely for the principles set forth in the case of *Fernández* v. *Registrar,* 52 P.R.R. ——, that the notice of *lis pendens* should be cancelled, inasmuch as in said case a distinction is made between the notices of *lis pendens* entered in accordance with section 91 of the Code of Civil Procedure and those entered by judicial order by virtue of sections 42 and 43 of the Mortgage Law, and the conclusion is reached that the former do not fall within the provisions of section 388–A of the Mortgage Law and that the latter do. In that case it was held that an entry made according to the aforesaid section 91 continues in force during the pendency of the case while those made by virtue of sections 42 and 43 of the Mortgage Law are governed by section 388–A of the same law and may be cancelled four years after they have been entered if they have not been extended by order of the court before which the case is pending.

As this case involves an entry made since the year 1900 by virtue of a judicial order, and as it does not appear that

the order to enter the notice of *lis pendens* has been extended by order of the court where the proceedings were filed, therefore in keeping .with the case of *Fernández* v. *Registrar*, supra, the note appealed from should be reversed and the cancellation of the notice of complaint to which the aforesaid verified petition refers should be ordered, without the payment of further fees.

Mr. .Chief Justice Del Toro took no part in the decision of this case.